

Robert F. Sweeney, Asst Atty. Gen., of Maryland, (Thomas B. Finan, Atty. Gen., of Maryland, and Donald Needle, Asst. Atty. Gen., of Maryland, on the brief) for appellee.

William F. Mosner, Towson, Md., for appellant.

Leonard **HALL, Jr.,** Appellant,

v.

**WARDEN, MARYLAND PENITENTIARY,** Appellee.

No. 8592.

United States Court of Appeals Fourth Circuit.

Argued June 20, 1966.

Decided July 26, 1966.

Before HAYNSWORTH, Chief Judge, and SOBELOFF, BOREMAN, BRYAN and J. SPENCER BELL, Circuit Judges, sitting en banc.

HAYNSWORTH, Chief Judge:

Maryland has applied to us for a vacation of a judgment we entered in a habeas corpus proceeding in 1963, relief which we find ourselves unable to grant.

Leonard Hall, Jr. was convicted of murder. After affirmance of his conviction,[1] and the denial of post-conviction

---

1. Hall v. State, 223 Md. 158, 162 A.2d 751.

relief in the state courts,[2] he sought habeas corpus relief in the District Court and appealed from denial of relief there.[3] We reversed[4] and the Supreme Court denied certiorari.[5]

Our judgment reversing the denial of habeas corpus relief was entered on January 17, 1963. It was based upon a conclusion of a majority of this Court that certain evidence introduced against Hall had been seized in violation of his constitutional rights, and that the rule of Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, should be applied retroactively.

As indicated above, the Supreme Court declined to take the Hall case in 1963, though, on June 7, 1965, it announced its decision in Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601; in which it held that the Mapp rule should not be applied retroactively to judgments which had become final prior to the announcement of the Mapp opinion. The Supreme Court's opinion in Linkletter was inconsistent, of course, with the decision of this court in Hall, but Hall preceded Linkletter by more than two years. In light of Linkletter, our decision in Hall now clearly appears to have been erroneous, but after the Supreme Court's denial of certiorari in Hall on June 10, 1963, our mandate in Hall had gone down and had long since become final.

Meanwhile, Maryland has retried Hall. It did so after preliminary proceedings in the state trial court, in which his confession was suppressed upon a finding that it was the coerced product of the unlawful search. The case went to the jury without the fruits of the search or the confession to bolster the state's case, and the jury was unable to reach an agreement. A mistrial was declared.

The Linkletter doctrine was enunciated in an effort to preserve a substantial amount of finality in judgments which had become final before Mapp was decided. The same principle suggests that judgments which had become final long before Linkletter was decided should not be reopened merely upon a showing of inconsistency with that decision. We do not find authority in Rule 60(b) to recall our mandate, with the effect of reinstatement of the state court's judgment imposing the death sentence. This is particularly true in light of the state's intervening retrial of Hall, its suppression of the confession, and the mistrial which was declared. Nor do we think that we should construe the motion as one for a rehearing in which Hall's objection to the original admission of his confession would be open for our consideration.[6] Construed as a motion for a rehearing, it is very belated, and, subsequent to our decision, the Warden exhausted his rights of review in the Supreme Court.

What we say is without prejudice to any right Maryland may have to apply to the Supreme Court of the United States for a rehearing or reconsideration of its denial of certiorari to this Court, but, in the absence of any indication by the Supreme Court that Linkletter should be construed as opening up final judgments such as this one, we think there is no remedy in this Court to relieve the State of Maryland wholly or partially from the effects of the judgment entered in 1963, more than three years ago.

Motion denied.

2. Hall v. Warden, 224 Md. 662, 168 A.2d 373, cert. den. 368 U.S. 867, 82 S.Ct. 78, 7 L.Ed.2d 65.

3. Hall v. Warden, D.C.Md., 201 F.Supp. 639.

4. Hall v. Warden, 4 Cir., 313 F.2d 483.

5. Pepersack, Warden v. Hall, 374 U.S. 809, 83 S.Ct. 1693, 10 L.Ed.2d 1032.

6. In the habeas proceeding, Hall attacked his conviction not only on the basis of the evidentiary use of the fruits of the search, but also on the basis that his confession, used at the trial, was coerced and inadmissible. He also claimed that his lawyer had deprived him of his right to testify in his own behalf. We did not find it necessary to reach those questions. Now, in no event, could we affirm the District Court's dismissal of the habeas petition without formal consideration of those other claims.