## WILLARD LEE ALLEN *v.* STATE OF MARYLAND

[No. 85, Initial Term, 1967.]

*Decided May 8, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and MENCHINE, J., Associate Judge of the Third Judicial Circuit, specially assigned.

*C. Willis Ritter,* with whom was *Robert A. DiCicco* on the brief, for appellant.

*Alfred J. O'Ferrall, III, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Richard D. Byrd, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

On July 3, 1962, Willard Lee Allen, the appellant, walked into the Central Police Station in Baltimore City and stated that he had killed a woman in a motel on Route 50 in Baltimore County in the early morning hours of Sunday, July 1, 1962. He described the homicide and disposal of the body in considerable detail. At the request of the Maryland authorities the Philadelphia police, the same afternoon, broke open the trunk of a rented Ford automobile parked on Market Street in that city and discovered the decomposed body of a woman, bound and gagged and wrapped in a bedspread. A subsequent autopsy revealed that the cause of her death was a combination of chloroform, alcohol, gasoline and carbon monoxide inhalation. Since the location of the motel was in Baltimore County, Allen was removed there for trial.

He was indicted for murder on August 6, 1962; he was convicted on January 16, 1963. His motion for new trial being granted, he was retried on June 21, 1963, and convicted. The case was appealed and on May 13, 1964, the Court of Appeals of Maryland reversed and remanded the case, *Allen v. State,* 234 Md. 366, 199 A. 2d 237. On April 1, 1965, the appellant was again tried and convicted. While his appeal was pending from the third conviction, the case of *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475 was decided. As a result of this, the case was remanded for further proceedings on January 13, 1966. On Allen's motion on January 19, 1966, indictment was dismissed and the conviction set aside. He was reindicted in January, 1966, and his attorney's pretrial motions were adversely decided by Judge Kenneth C. Proctor on March 4, 1966.

The first question presented is one whether the State of Maryland has jurisdiction to try the appellant.

The trial court refused to rule on this motion until the con-

clusion of all the testimony at the trial for the reason that, although the finding of the body in the State of Pennsylvania created a presumption the killing took place in Pennsylvania, the State is entitled to rebut the presumption and the matter could not be properly decided prior to the conclusion of all of the testimony. Under Maryland Rule 1085 this Court can decide a question of jurisdiction which has not been passed on by the trial court where jurisdiction cannot be conferred by waiver or consent of the parties. We hold, however, that on the facts of this case we are also unable to decide the question until the conclusion of all the evidence in the case.

The second question raised by Allen is whether or not the appellant has been denied a speedy trial under the Sixth Amendment to the Constitution of the United States and under Article 21 of the Maryland Declaration of Rights. The question of a speedy trial can be determined on appeal prior to the trial of the case, *Jones v. State,* 241 Md. 599, 217 A. 2d 367. We agree, however, with the trial court that there has been no denial of a speedy trial in this case because the delays were caused by reversals obtained by the accused.

In the case of *Klopfer v. North Carolina,* 87 S. Ct. 988, 386 U. S. 213, 18 L. Ed. 1, it was held that the Speedy Trial Provision of the Sixth Amendment to the Constitution of the United States was applicable to the states through the Fourteenth Amendment.

In the case of *United States v. Ewell,* 86 S. Ct. 773, 383 U. S. 116, 15 L. Ed. 2d 627 (1966) it was held that the passage of nineteen months, in a Federal case, between the original arrest and the hearings on later indictments replacing those that had been dismissed on motion of the accused did not violate the Speedy Trial Clause. The Court said: (86 S. Ct. at page 777)

> "It has long been the rule that when a defendant obtains a reversal of a prior, unsatisfied conviction, he may be retried in the normal course of events * * *. The rule of these cases, which dealt with the Double Jeopardy Clause, has been thought wise because it protects the societal interest in trying people accused of crime rather than granting them immunization be-

cause of legal error at a previous trial, and because it enhances the probability that appellate courts will be vigilant to strike down previous convictions that are tainted with reversible error."

In *State v. Murdock,* 235 Md. 116 at page 121, 200 A. 2d 666 at page 668 the Court of Appeals said:

"The right to a speedy trial guaranteed by the State and Federal Constitutions, even when it is properly demanded, is necessarily relative. Delays, depending upon circumstances, sometimes cannot be avoided. It secures rights to an accused, but it does [not] preclude the rights of public justice * * *. And even where a defendant has made a proper demand for trial or has moved for his discharge or dismissal of the proceedings against him, this does not necessarily prevent a ruling that because of subsequent conduct he waived his right to a speedy trial. Annotation 57 A. L.R. 2d 342. Of course, the delay in completing a prosecution must not be purposeful or oppressive."

There is nothing in this record to indicate that the delay was purposeful or oppressive. Neither is there any indication that the accused ever made a demand for a speedy trial prior to the motion now under consideration.

*The order refusing to dismiss the indictment is affirmed and case remanded for further proceedings.*