## CALVIN BROWN v. STATE OF MARYLAND

[No. 193, Initial Term, 1967.]

*Decided August 2, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and PRETTYMAN, J., Associate Judge of the First Judicial Circuit, specially assigned.

*Morris Lee Kaplan,* with whom was *Michael Lee Kaplan* on the brief, for appellant.

*Frank A. DeCosta, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Bernard L. Silbert, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Calvin Brown, the appellant, complains of a conviction for two separate sales of narcotics and two separate convictions for the possession and control of narcotics after a jury trial in the Criminal Court of Baltimore before Judge Joseph Carter. The allegations as to errors will be hereinafter set out.

Officer Walter Zimmerer, acting as an undercover agent, in cooperation with the Federal Bureau of Narcotics, was introduced to Brown on August 26, 1965, through an intermediary known only to Officer Zimmerer as "Catfish." Brown, in exchange for ten dollars, produced packages of a white powder represented to be narcotics. Laboratory tests established that the white powder was heroin hydrochloride. The following day, on August 27, 1965, Officer Zimmerer again met with Brown and gave him nine dollars to procure a second package of narcotics. Another person, not here involved, returned with a bag of white powder which he handed to Officer Zimmerer. A subsequent chemical test showed that the package contained a non narcotic. Thereafter, the same day, Officer Zimmerer found Brown and explained that the items which he had purchased turned out not to be narcotics, and requested that he procure for him the "real stuff." Brown requested that he give him all

the additional money he had, fifty cents, and Officer Zimmerer complied. Within a short time, Brown returned with a small bag of white powder which he gave to the officer. A subsequent chemical analysis established that this was heroin hydrochloride. Brown was arrested pursuant to a warrant which was procured and served on November 12, 1965.

## I

At a hearing on motions to suppress the evidence and to dismiss the indictment, and at the trial the appellant stated that on November 12 he could not remember what he had done on August 26 and August 27, and that he was therefore prejudiced by the delay in procuring the warrant. Officer Zimmerer testified that he had delayed in procuring the warrant because he was engaged in other undercover work and the warrant would jeopardize his usefulness in other cases. Brown further testified that although he did not know what he had done on August 26 and August 27, he had not sold narcotics to anyone on those dates.

Brown relies on a case in the United States Court of Appeals for the District of Columbia Circuit, *Ross v. United States,* 349 F. 2d 210, wherein the court found that the delay in procuring the warrant had prejudiced the defendant. While that case could be distinguished on its facts, it does not represent the law of this state. We find that there were ample reasons for the officer to delay making the arrest, and the Court of Appeals of Maryland approved similar conduct in *Lane v. State,* 226 Md. 81, 172 A. 2d 400. With the exceptions, not pertinent herein, the rule established in Maryland is that the statute of limitations establishes the period in which a prosecution may be instituted, *Price v. State,* 235 Md. 295, 201 A. 2d 505, *Miller v. State,* 239 Md. 136, 210 A. 2d 394.

## II

Brown alleges error because the trial judge refused his motion for removal based on alleged prejudice of the trial judge because of a discussion at the arraignment concerning the appointment of counsel. The record discloses that when Brown objected to counsel appointed by the court, the court offered to appoint additional counsel until one was finally selected who

met with Brown's stated approval. A review of the record, instead of showing prejudice, shows a patient trial judge carefully doing more than his duty. There was no merit in the motion to remove.

## III

During the course of the trial, Brown informed the court that he desired an immediate appeal on his motion to remove, his motion for suppression of evidence and his motion to dismiss the indictment, but he had not filed a written order as required by Rule 811a (now Rule 1011a). Under Maryland Rule 1085 the matter of immediate appeal is not properly before this court.

## IV

Relying on *Gideon v. Wainwright,* 372 U. S. 335, 83 S. Ct. 792, 9 L. Ed. 2d 799, Brown alleges that the action of the trial court in refusing him, an indigent, a copy of the transcript of the testimony on the motion to suppress the evidence, was a denial of due process of law. The transcript was desired for use at the trial. In *Gideon,* the Court held that it was a denial of due process of law for a state to refuse an indigent counsel at the trial of a serious criminal case. Brown cites no authority, and we know of none, which requires that a free transcript of preliminary testimony be furnished for the purpose of impeachment at the trial. A transcript of the testimony was furnished for the purpose of this appeal. Brown made the same complaint when the trial judge refused a copy of the transcript for the purpose of arguing the motion for a new trial. He might more properly have relied on *Griffin v. Illinois,* 351 U. S. 12, 76 S. Ct. 585, 100 L. Ed. 891 wherein it was held that a free transcript must be furnished an indigent where it is a necessary requisite for appeal. In *Johnson v. State,* 219 Md. 481, 150 A. 2d 446, applying the *Griffin* doctrine, the Court of Appeals of Maryland held that a transcript must be furnished for the purpose of arguing a motion for a new trial, where, under rule of court the Supreme Bench of Baltimore refused to hear motions for a new trial without a transcript. However, new rules of the Supreme Bench, No. 747 and 748, effective July 1, 1965, no longer require transcripts for the purpose of arguing a motion for a new trial. In *Stewart v. Warden,* 243 Md.

697, 221 A. 2d 709, the Court of Appeals of Maryland and this court, in *Ross v. Warden*, 1 Md. App. 46, 227 A. 2d 42 held that a transcript need not be furnished without a showing of how it could serve a useful purpose. Brown makes no showing as to the need for the transcript to argue his motion for a new trial. The request for transcript of the testimony on the preliminary motion was based upon a desire to use it for impeachment. We deem this an inadequate reason.

## V

Brown alleges that the evidence was insufficient to support his conviction and that his motion for acquittal should have been granted. A trial judge cannot grant a motion for acquittal if there is any credible evidence to support the verdict. *Avey v. State*, 1 Md. App. 178, 228 A. 2d 614, *Ramsey v. State*, 239 Md. 561, 212 A. 2d 319. The testimony of Officer Zimmerer and the chemist was sufficient to support the conviction here.

## VI

Finally, Brown alleges that the trial court was in error in refusing to permit the defendant to testify as to cases in which he had assisted the police after he had been cross examined concerning his prior criminal record. Since there was no proffer of the testimony to be elicited, there is nothing before us to review, Maryland Rule 1085, *Connor v. State*, 225 Md. 543, 171 A. 2d 699.

*Judgment affirmed.*