RICHARD W. MANNING *v.* STATE OF MARYLAND

[No. 222, Initial Term, 1967.]

178

*Decided October 16, 1967.*

The cause was argued before ANDERSON, MORTON, ORTH, and THOMPSON, JJ., and TRAVERS, J., Associate Judge of the First Judicial Circuit, specially assigned.

*John R. Hargrove* for appellant.

*S. Leonard Rottman, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General,* and *Charles E. Moylan, Jr., State's Attorney for Baltimore City,* on the brief, for appellee.

PER CURIAM.

On June 28, 1966, the appellant was found guilty generally under a two count indictment which charged him with unlawfully breaking a dwelling house in the daytime with intent to steal and being a rogue and vagabond by Judge James A. Perrott, presiding in the Criminal Court of Baltimore, without a jury. He was sentenced to imprisonment for a term of eight years from October 21, 1964, the date he was arrested. He had previously been tried and convicted for the crimes on January 21, 1965, and sentenced to imprisonment for a term of ten

years. While an appeal was pending from this judgment the decision in *Schowgurow v. State*, 240 Md. 121 was rendered, and the case was remanded for further proceedings. On January 18, 1966, the appellant moved to dismiss the indictment under the *Schowgurow* decision and the motion was granted. He was reindicted but this indictment contained counts charging offenses for which the appellant had been acquitted at his first trial. The Grand Jury then deleted these counts from the indictment but it was discovered that one of the remaining counts charged the felonious breaking of a dwelling house in the daytime with intent to steal. At the time the appellant was charged with committing the offense, it was a misdemeanor, Md. Code (1957) Art. 27, § 32 and was made a felony by legislative enactment in 1965. Md. Code (1967 Replacement Volume) Art. 27, § 30b. He was reindicted on March 23, 1966, this indictment being the indictment under which he was tried on June 28, 1966. The prior indictment charging the felonious breaking was dismissed on the appellant's motion on April 22, 1966.

On this appeal the appellant contends that the evidence was insufficient to sustain the conviction and that he was "deprived of a fair trial by the repeated indictments of the State and was placed in (double) jeopardy by the second trial."

Mrs. Odell Watson testified that on October 21, 1964, at about 11:00 A.M. she and her husband left their home at 2624 Kirk Avenue in Baltimore. They left by the rear entrance and the door was closed and locked when they left. When the Watsons returned about 10 minutes later, Mrs. Watson noticed the back door was open and she heard noises upstairs. A window on the door had been broken. She entered the house and called upstairs. She got no response but heard footsteps heading toward the back balcony on the second floor. When she went outside two men jumped off of the back balcony within three feet of her. The two men did not run but walked away. Mrs. Watson then called to her husband, who was a short distance away, telling him what had happened and pointed out one of the men, who had just walked past him. Mrs. Watson further testified that her husband pursued the man, and after a short time returned with him. The police had been called by Mrs.

Watson and had arrived by the time Mr. Watson returned. Mrs. Watson identified the appellant at the trial as one of the men who had jumped off the balcony and as the man who had returned with her husband. Mr. Watson testified that, after hearing his wife call out, he went after the man she indicated, who broke into a run. After a short chase Mr. Watson apprehended the man (whom Mr. Watson identified in court as the appellant). When caught by Mr. Watson, the appellant said: "I did not break into your house." When Mr. Watson returned to his home, the appellant was placed under arrest by the police who had arrived in the interim. The Watsons and one of the police officers present testified that two upstairs bedrooms had been ransacked, several of Mrs. Watson's handbags had been turned out, and drawers had been opened and disheveled, although nothing was noted as missing.

It has been established that the test of the sufficiency of the evidence in a non-jury case when reviewed by this Court, is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the trial court could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged. *Fisher v. State,* 1 Md. App. 505 and cases cited. Since from the evidence before the trial court, above detailed, this test was clearly fulfilled, the judgment of the lower court was not clearly erroneous and will not be set aside on the evidence. Maryland Rule, 1086.

Where, as here, a defendant elects to have the indictment involved in his first trial declared void under the rule announced in *Schowgurow v. State, supra,* he brings himself within the rule that where the traverser has been tried under an invalid indictment, he is not in jeopardy and he may be indicted and tried again. *Sadler v. State,* 1 Md. App. 383 and cases cited. Therefore, the appellant has not been twice put in jeopardy because of his trial which he elected to invalidate under *Schowgurow*. His contention that he was put twice in jeopardy because of the second indictment returned against him is also of no merit. "A person is said to be in jeopardy, when he is placed on trial before a court of competent jurisdiction. * * * The accused is ordinarily said to be placed on trial when the jurors

have been sworn in his case." Hochheimer, *Law of Crimes and Criminal Procedure,* § 71. Because the appellant was not placed on trial under the second indictment, which was dismissed on April 22, 1966, he cannot be said to have been in former jeopardy because of it. The appellant also urges that he was not afforded a speedy trial. The right to a speedy trial can, as a personal right, be waived if there is no demand for the right. *State v. Long and Nelson,* 1 Md. App. 326; *Harris v. State,* 194 Md. 288. The record before us nowhere indicates that this appellant made such a demand and he is, therefore, deemed to have waived that right. In any event, we do not feel that the delay in bringing the appellant to trial was unreasonable, oppressive or purposeful on the part of the State so that the appellant would have been denied his right even if he had not waived it. A substantial reason for any delay before the second trial was occasioned by the appellant's own acts. See *State v. Long and Nelson, supra; Allen v. State,* 1 Md. App. 249; *State v. Murdock,* 235 Md. 116. Having found that the appellant was not placed twice in jeopardy and that his right to a speedy trial was not denied him, it cannot be said that his trial was not fair for those reasons.

The appellant was found guilty generally under a two count indictment charging him with unlawfully breaking a dwelling house in the daytime with intent to steal and of being a rogue and vagabond. The verdict of "guilty generally" convicted the appellant on both counts of the indictment. The Court of Appeals said in *Berger v. State,* 179 Md. 410 at page 415:

> "It is a common practice in this State to charge several offenses, though differing from each other and varying in the punishment authorized to be imposed, in separate counts of one indictment, and try the accused on the several charges at the same time, provided that the offenses are of the same general character and differ only in degree. If a general verdict of guilty is rendered on an indictment containing two counts, both relating to the same transaction, the verdict is in effect a finding as to both counts, and the practice is to pass judgment on the count charging the more serious offense."

That part of Md. Code (1967 Replacement Volume) Art. 27, § 490, applicable to the instant case by the evidence provides, *inter alia*:

> "If any person * * * shall be found in or upon any dwelling house * * * with an intent to steal any goods * * * every such person shall be deemed a rogue and vagabond * * *."

Md. Code (1957) Art. 27, § 32, as it existed at the time of the commission of the crime for which the appellant was charged, proscribed the "breaking of a dwelling house in the daytime with intent * * * to steal * * * the personal goods of another of any value therefrom * * *." That part of the offense of rogue and vagabond, here applicable, was a necessary ingredient of the greater offense of breaking a dwelling house in the daytime, and therefore, upon conviction of the latter offense, the former offense was merged into it. *Chittum v. State,* 1 Md. App. 205. See also *Thomas v. State,* 1 Md. App. 528. We feel therefore, that the conviction under the second count was improper. It is noted that the sentence of eight years imposed in accordance with the practice to pass judgment on the count charging the more serious offense did not exceed the maximum provided by statute.

> *Judgment affirmed as to the first count; judgment vacated as to the second count as merging with the first count.*