## LEONARD HALL, JR. *v.* STATE OF MARYLAND

[No. 183, September Term, 1967.]

*Decided April 16, 1968.*

The cause was argued before MORTON, ORTH, and THOMPSON, JJ., and PITCHER, J., Associate Judge of the Fifth Judicial Circuit, specially assigned.

*William F. Mosner* for appellant.

*Donald Needle, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *L. Robert Evans, Deputy State's Attorney for Baltimore County,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

On June 21, 1967 Judge John E. Raine of the Circuit Court for Baltimore County denied the motion of Leonard Hall, Jr., the appellant, to dismiss the indictment for murder against him. The ground for the motion was that he had been denied a speedy trial. From that denial, Hall has appealed.

The chronological sequence of events material to this appeal is as follows:

| | |
|---|---|
| July 17, 1959 | Appellant was arrested. |
| November 11, 1959 | Appellant was found guilty of murder in the first degree and sentenced to death by a jury in the Circuit Court for Baltimore County, Judge W. Albert Menchine, presiding. (December 15, 1959) |
| December 28, 1959 | Appellant filed notice of appeal to the Court of Appeals of Maryland. |
| August 10, 1960 | Judgment affirmed, *Hall v. State,* 223 Md. 158, 162 A. 2d 751. |
| September 16, 1960 | Appellant filed a petition under the Uniform Post Conviction Procedure Act. |
| November 10, 1960 | Petition denied. |
| November 23, 1960 | Appellant filed an application for leave to appeal the denial of his petition. |
| March 13, 1961 | Application denied, *Hall v. Warden,* 224 Md. 662, 168 A. 2d 373, *cert. denied* 368 U. S. 867, 82 S. Ct. 78, 7 L. Ed. 2d 65. |
| January 17, 1963 | Appellant was accorded a new trial, *Hall v. Warden,* 313 F. 2d 483 by the Fourth Circuit, applying *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 retroactively. This decision reversed the order of the Federal District Court for the District of Maryland, dated January 23, 1962—*Hall v. Warden,* 201 F. Supp. 639 (D. Md. 1962). |
| March 8, 1963 | State petitioned the Supreme Court of the United States for a writ of certiorari. |

| | |
|---|---|
| June 10, 1963 | Certiorari denied, *Pepersack v. Hall,* 374 U. S. 809, 84 S. Ct. 1693, 10 L. Ed. 2d 1032. |
| July 15, 1963 | Appellant's habeas corpus petition granted by the Federal District Court for Maryland. The State given an opportunity to retry Hall and until August 15, 1963 to rearraign him. |
| August 5, 1963 | Hall arraigned in the Circuit Court for Baltimore County. |
| August 21, 1963 | On motion by the appellant, the case was removed to Howard County. |
| November 13, 1963 | Appellant's motion to suppress statements, confessions and illegally seized articles granted. |
| November 18, 1963 | Appellant's counsel asked the State's Attorney for Baltimore County for a trial date. |
| November 18, 1963 | State's Attorney for Baltimore and for Howard County filed appeal from order of November 13, 1963. |
| January 2, 1964 | State dismissed the appeal filed on November 18, 1963. |
| February 10, 1964 | Appellant's Howard County trial started. |
| February 11, 1964 | Mistrial declared by Judge Macgill when jury could not agree on a verdict. |
| April 3, 1964 | Appellant's motion to suppress evidence filed. |
| April 30, 1964 | Above motion overruled by Judge Macgill. |
| May 12, 1964 | Appellant's petition for transcript of proceedings filed. |

| | |
|---|---|
| July 16, 1964 | Above petition heard. |
| August 12, 1964 | Appellant's motion for a transcript of the February 1964 trial granted i.e. partial transcript allowed; appellant's motion to reconsider motion to suppress denied, Judge Macgill. |
| January 11, 1965 | Appellant's petition and affidavit for removal filed. |
| February 11, 1965 | Hearing on above motion. |
| February 18, 1965 | On above motion, the case was removed to Montgomery County. |
| March 24, 1965 | Record transferred to Montgomery County. |
| April 19, 1965 | Trial set for June 1, 1965. |
| May 5, 1965 | Hall's attorney asked that the June 1, 1965 trial date be postponed at least eight days. State's Attorney consented. |
| June 7, 1965 | The Supreme Court of the United States decided *Linkletter v. Walker,* 381 U. S. 618, 85 S. Ct. 1731, 14 L. Ed. 2d 601 whereby *Mapp* was not to be applied retroactively. |
| June 29, 1965 | Appellant's counsel requested the Administrative Office of the Court of Montgomery County that Hall be tried "at the earliest time your schedule will permit." |
| June 29, 1965— January 1966 | Hall's counsel meets four or five times with State's Attorney for Baltimore County and requests prompt trial. |
| January 14, 1966 | Hall elects to be reindicted under *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475. |

| | |
|---|---|
| January 21, 1966 | Hall's attorney is informed by the Baltimore County State's Attorney that Attorney General may petition the Fourth Circuit to vacate its judgment of January 17, 1963. |
| March 25, 1966 | Attorney General filed its motion to vacate. |
| June 20, 1966 | Hearing held in Richmond, Virginia. |
| July 26, 1966 | The Fourth Circuit denied the State's motion—*Hall v. Warden*, 364 F. 2d 495. |
| November 22, 1966 | Appellant petitioned for enforcement of the release order of July 15, 1963 and complained of a denial of a speedy trial. |
| December 19, 1966 | Hall reindicted by the Baltimore County Grand Jury. |
| February 10, 1967 | Hall's Baltimore County arraignment is postponed at request of Hall. |
| March 9, 1967 | Hall's petition in the Federal Court is denied until he exhausts his state remedies, i.e. Hall should be released from confinement under the old indictment held improper by the Fourth Circuit and also held invalid by *Schowgurow* but the Maryland courts will have to decide if he should be tried under the new indictment. |
| April 26, 1967 | Hall filed motion to dismiss the indictment in the Circuit Court for Baltimore County. |
| June 21, 1967 | Motion denied. |
| July 6, 1967 | Appellant filed this appeal. |

Four factors are considered in interpreting the meaning of the words "speedy trial" guaranteed by Art. 21 of the Maryland Declaration of Rights and the Sixth Amendment of the Constitution of the United States, the latter made applicable to

the states by the Fourteenth Amendment, *Klopfer v. North Carolina,* 386 U. S. 213, 87 S. Ct. 988, 18 L. Ed. 2d 1: (1) length of the delay (2) prejudice to defendant (3) reason for the delay and (4) waiver of the right. *State v. Long and Nelson,* 1 Md. App. 326, 230 A. 2d 119, *Kelly v. State,* 2 Md. App. 730, 237 A. 2d 459. For a discussion of these various factors see 51 Virginia Law Review 1587. Waiver will, of course, dispose of a case, but the other three factors are relative and must be considered together in arriving at a decision in each case.

## I Questioned Time

Although we have set out all important dates connected with this case since July 17, 1959 Hall complains of only the delay between February 11, 1964, the date of his last trial which resulted in a mistrial because of the inability of the jury to agree on a verdict, and December 19, 1966 when he was reindicted after his election to void his prior indictment pursuant to *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475. We agree with counsel that the time prior to February 11, 1964 and subsequent to December 19, 1966 do not contribute to the denial of a speedy trial. *State v. Murdock,* 235 Md. 116, 200 A. 2d 666, *State v. Long and Nelson, supra.* We now examine what transpired in the questioned period of time.

### (a) Preliminary Period

We hold that the record shows that Hall waived his right to a speedy trial by several affirmative acts between February 11, 1964 and June 29, 1965, which we call the "Preliminary Period." During this period Hall kept the prosecutors and the courts busy with a number of proceedings:

1. Between April 3, 1964 and April 30, 1964—Motion to suppress evidence.
2. Between May 12, 1964 and August 12, 1964—Motion for transcript (granted in part) and reconsideration of motion to suppress (denied).
3. August 12, 1964—Preparation of partial transcript of prior trial ordered (record does not disclose when transcript was filed.)

4. Between January 11, 1965 and March 24, 1965—Removal of case to Montgomery County.
5. Between March 24, 1965 and April 19, 1965—Setting of trial date.
6. Between May 5, 1965 and June 8, 1965—Petition of Defendant's counsel for postponement until after June 8, 1965.

Waiver of a speedy trial need not be express but may be by acts of the accused, *State v. Murdock, supra, State v. Long and Nelson, supra.* It should also be noted that prior to June 29, 1965 there was no demand for a speedy trial which in itself has been treated as a waiver. *Harris v. State,* 194 Md. 288, 71 A. 2d 36, *Allen v. State,* 1 Md. App. 249, 229 A. 2d 446, *Manning v. State,* 2 Md. App. 177, 233 A. 2d 821.[1]

### (b) Second Period

On June 29, 1965 there was a demand for speedy trial filed with the Administrative Office of the Circuit Court for Montgomery County. Between June 29, 1965 and January 14, 1966 the appellant's counsel met with the State's Attorney for Baltimore County and requested a prompt trial. We think this "Second Period" is the crucial period because more than six months elapsed when the only activity of record by either side was the appellant's demands for trial. Relying on *Harris v. State, supra,* the State contends that the application for a speedy trial must be made to a court, and not to the State's Attorney or to an administrative official. Although subsequent cases seem to have raised some question as to the necessity for the application being made to the court[2] we do not need to decide that point here because we have no hesitancy in holding that where a trial court has appointed an assignment clerk to set cases for trial an application to that official is the same as an application to the court.

---

1. The constitutional right to a speedy trial may be waived more informally than other constitutional rights. 51 Virginia Law Review 1587 (cited above) 1609 contains a critical discussion of this rule of law, but concedes that it is well established.

2. *State ex rel. Thompson v. Warden,* 198 Md. 668, 81 A. 2d 596, *State v. Murdock,* 235 Md. 116, 200 A. 2d 666, *Jones v. State,* 241 Md. 599, 217 A. 2d 367.

The basic rule interpreting "speedy trial" guaranteed by the State and Federal Constitutions, Art. 21 of the Maryland Declaration of Rights and the Sixth Amendment of the Constitution of the United States was stated and applied by this court in *Fabian v. State*, 3 Md. App. 270, 239 A. 2d 100, and in *State v. Long and Nelson, supra*. In those cases we quoted from *Jones v. State*, 241 Md. 599, 608, 217 A. 2d 367, 373, as follows:

> "22A C.J.S. Criminal Law § 467 a (4), states the general rule thus:
>
> > 'A speedy trial is, in general, one had as soon as the prosecution, with reasonable diligence, can prepare for it; a trial according to fixed rules, free from capricious and oppressive delays, but the time within which it must be had to satisfy the guaranty depends on the circumstances.' "

In a recent case the Supreme Court of the United States set out the speedy trial doctrine fully, *United States v. Ewell*, 383 U. S. 116, 119, 86 S. Ct. 773, 776, 15 L. Ed. 2d 627:

> "We cannot agree that the passage of 19 months between the original arrests and the hearings on the later indictments itself demonstrates a violation of the Sixth Amendment's guarantee of a speedy trial. This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. However, in large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this Court has consistently been of the view that 'The right of a speedy trial is necessarily relative. It is consistent with delays

and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice.' *Beavers v. Haubert,* 198 U. S. 77, 87, 25 S. Ct. 573, 576, 49 L. Ed. 950. 'Whether delay in completing a prosecution * * * amounts to an unconstitutional deprivation of rights depends upon the circumstances. * * * The delay must not be purposeful or oppressive,' *Pollard v. United States,* 352 U. S. 354, 361, 77 S. Ct. 481, 486, 1 L. Ed. 2d 393. '[T]he essential ingredient is orderly expedition and not mere speed.' *Smith v. United States,* 360 U. S. 1, 10, 79 S. Ct. 991, 997, 3 L. Ed. 2d 1041."

We hold that during this "Second Period" the prosecuting officials of this State were faced with difficult and unusual conditions and therefore the delay was reasonable and not purposeful or oppressive for the following reasons:

In *Hall v. Warden,* 313 F. 2d 483 (January 17, 1963) *cert. denied, sub nom. Pepersack v. Hall,* 374 U. S. 809, 83 S. Ct. 1693, 10 L. Ed. 2d 1032 the Court of Appeals for the Fourth Circuit granted the present appellant relief based on the retroactivity of *Mapp v. Ohio,* 367 U. S. 643, 81 S. Ct. 1684, 6 L. Ed. 2d 1081 (Illegal searches and seizures). On June 7, 1965, the Supreme Court of the United States reached a contrary result in *Linkletter v. Walker,* 381 U. S. 618, 85 S. Ct. 1731, 14 L. Ed. 2d 601. After a long delay, the State filed a motion on March 25, 1966 to vacate the judgment in *Hall v. Warden, supra.* The motion was denied July 26, 1966, *Hall v. Warden,* 364 F. 2d 495. If this were the only complication during what we have designated the "Crucial Period" we would reverse, but there was another which caused considerably greater problems for the prosecutor in this case as well as for prosecutors throughout the State.

On October 11, 1965 the Court of Appeals of Maryland decided *Schowgurow v. State, supra,* which held that virtually all juries within this State were illegally constituted because the individual members were required to have expressed a belief in God. *Schowgurow* was a Buddist and did not believe in God.

The decision was held to be prospective only except as to convictions which had not then become final.[3]

On October 21, 1965 the same court decided *State v. Madison,* 240 Md. 265, 213 A. 2d 880 applying the *Schowgurow* doctrine even though the accused believed in God.

On November 30, 1965 the same court decided *Smith v. State,* 240 Md. 464, 214 A. 2d 563 which held that the *Schowgurow* defect in an indictment could be expressly waived. *Hays v. State,* 240 Md. 482, 214 A. 2d 573, decided the same date held that such a defect could not be impliedly waived.

On January 14, 1966 Hall elected to vacate his prior indictment under the *Schowgurow* holding.

The mere listing of the holdings of the various cases in the "Second Period" is sufficient to show the many problems Hall's prosecutors faced and that the delay during this period was not purposeful or oppressive.

### (c) Final Period

We shall call the period of time between January 14, 1966 the date of the *Schowgurow* election, and December 19, 1966 the date of his reindictment, the "Final Period." We have no difficulty in holding that Hall was not denied a speedy trial during this period.

In *Allen v. State,* 1 Md. App. 249, 229 A. 2d 446, we held that where there was a delay in a trial because of reversals obtained by an accused there was no denial of a speedy trial. Obviously, when Hall exercised his election under *Schowgurow* the state had a reasonable time in which to reindict him. Ordinarily, the statute of limitations determines the time in which an indictment may be filed. *Price v. State,* 235 Md. 295, 201 A. 2d 505, *Brown v. State,* 1 Md. App. 571, 232 A. 2d 261.

---

3. Hall's conviction would have been final under this decision except for the ruling of the Fourth Circuit *Hall v. Warden,* 313 F. 2d 483 which was inconsistent with the subsequent Supreme Court case of *Linkletter v. Walker, supra.* We are not impressed with Hall's argument that the State showed bad faith in seeking to have the Hall judgment vacated. Compare *Koenig v. Willingham,* 324 F. 2d 62 (6th Cir.) and *In re Provoo,* 17 F.R.D. 183 (D. Md.) *aff'd sub nom. United States v. Provoo,* 350 U. S. 857, 76 S. Ct. 101, 100 L. Ed. 761.

In *Osborne v. State,* 3 Md. App. 161, 238 A. 2d 145, 146 we held as follows:

"When Osborne challenged the validity of his original indictments on the basis of *Schowgurow, supra,* they properly were ruled to be null and void. Thus, during the period from March 4, 1966, when the ruling was issued and February 20, 1967, the date of his reindictment, there was no criminal prosecution pending against him arising out of the crimes charged in the original indictment. Presumably the State could have elected not to seek reindictment or, presumably the Grand Jury, on the evidence presented, could have refused to reindict. In any event, during this period, which is the period of time that the Appellant contends constituted a denial of a speedy trial, there was no prosecution pending. Hence, he cannot successfully complain of the delay since the institution of the prosecution by the return of the indictments by the Grand Jury on February 20, 1967 was well within the Statute of Limitations. Md. Code (1967 Repl. Vol.) Art. 27, Secs. 12 and 139."

It should be noted: (1) that it was not until July 26, 1966 that the state's motion to vacate the judgment of *Hall v. Warden, supra,* was denied and it was certain that there must be a reindictment; (2) that on November 22, 1966 Hall filed a habeas corpus in the U. S. District Court and that this was not disposed of until March 9, 1967. On these facts we cannot hold that the five month delay in the reindictment, (demanded by Hall), from July 26, 1966 until December 19, 1966 was an unconstitutional delay.

## II Prejudice

Hall alleges that his motion to dismiss should be granted because the stipulation filed in these proceedings shows that he was prejudiced because two prospective witnesses have died and four others have disappeared.[4] Although none of these wit-

---

4. The stipulation does not clearly include this fact but we will assume for the purpose of this decision that it is in the record.

nesses testified at either of his trials, he alleges that he did not discover them until after his last trial. It will be observed that all of the questioned time was consumed by the proceedings instituted by Hall or, in a small portion, by the State's reasonable reaction to those proceedings. There is no showing whether the witness became unavailable during the time chargeable to Hall or to the State. Under the circumstances of this case we find no unconstitutional delay; therefore, the prejudice, if any, is only one consideration. This thought becomes more clear if we consider that an important witness may die at any time and the accused be prejudiced in a trial conducted very promptly after the offense. In *Allen v. State, supra* at 1 Md. App. 249 at 252 we said:

> "In the case of *United States v. Ewell*, 383 U. S. 116, 86 S. Ct. 773, 15 L. Ed. 2d 627 (1966) it was held that the passage of nineteen months, in a Federal case, between the original arrest and the hearings on later indictments replacing those that had been dismissed on motion of the accused did not violate the Speedy Trial Clause. The Court said: (86 S. Ct. at page 777)
>
> > 'It has long been the rule that when a defendant obtains a reversal of a prior, unsatisfied conviction, he may be retried in the normal course of events. * * * The rule of these cases, which dealt with the Double Jeopardy Clause, has been thought wise because it protects the societal interest in trying people accused of crime, rather than granting them immunization because of legal error at a previous trial, and because it enhances the probability that appellate courts will be vigilant to strike down previous convictions that are tainted with reversible error.' "

For the reasons detailed above we see no denial of a speedy trial in this case.

*Judgment affirmed.*