70 F.3d 1260
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Lawrence E. BOWLING, Plaintiff-Appellant,
v.
Carolyn MONK; William Monk, Defendants-Appellees.
 No. 95-1202.
 United States Court of Appeals, Fourth Circuit.
 Decided Dec. 5, 1995.
 
 Lawrence E. Bowling, Appellant Pro Se.
 Before WILKINS, HAMILTON, and MICHAEL, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Lawrence E. Bowling appeals from the district court's order denying his Fed.R.Civ.P. 60(b) motion seeking review of the district court's 1992 order dismissing this case for want of subject matter jurisdiction. Finding no abuse of discretion, we affirm.
 
 
 2
 In this case, Bowling sought to determine whether his son was the biological father of two minor children. The district court found that jurisdiction did not lie under 42 U.S.C. Sec. 1983 (1988) because neither Defendant was a state actor. Further, the court found that the domestic relations exception to diversity jurisdiction applied. Because it was without subject matter jurisdiction, the district court dismissed the case on June 12, 1992. Bowling did not appeal that decision.
 
 
 3
 Several days after entry of judgment, the Supreme Court addressed the domestic relations exception in Ankenbrandt v. Richards, 504 U.S. 689 (1992). On January 23, 1995, Bowling filed the subject Rule 60(b) motion, contending that, after Ankenbrandt, the district court's decision no longer was correct. Bowling asked to be relieved from the district court's 1992 order. The district court denied the motion, finding that the domestic relations exception continued to apply.
 
 
 4
 We affirm, but on other grounds.* First, a decisional change in law subsequent to the issuance of a final judgment is not a proper basis for granting relief under Fed.R.Civ.P. 60(b)(5). Dowell v. State Farm Fire & Casualty Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993). Further, Rule 60(b) may not do service for an appeal, even if a subsequent Supreme Court decision reveals a previous judgment to be erroneous. Hall v. Warden, 364 F.2d 495, 496 (4th Cir.1966) (en banc). Finally, this case does not present the extraordinary circumstances required to secure relief under Fed.R.Civ.P. 60(b)(6), given Bowling's failure to appeal the original decision and his delay in filing his Rule 60(b) motion. See National Org. of Women v. Operation Rescue, 47 F.3d 667, 669 (4th Cir.1995).
 
 
 5
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 We express no opinion on whether the domestic relations exception applies in cases seeking to determine paternity