De Pew v. Robinson.

---

No. 11,154.

## DE PEW v. ROBINSON.

SLANDER.—*Words Actionable Per Se.*—Where one person charges another with being " an abortionist," the language is actionable *per se.*

SAME.—*Physician.*—Language imputing to a physician ignorance and malpractice in his profession is actionable *per se.*

SAME.—*Evidence.*—*Mitigation of Damages.*—In an action of slander, similar torts on the part of the plaintiff against the defendant can not be proved in mitigation of damages.

SAME.—*Malice.*—*Punitive Damages.*—Where slanderous language is uttered with malice in fact, the plaintiff's recovery is not limited to compensatory damages.

SAME.—*Averment of Special Damages.*—Where language is actionable *per se,* the plaintiff need not allege special damages in order to recover more than nominal damages.

PRACTICE.—*Excusing Juror.*—The action of the court in excusing a competent juror is a matter very much in its discretion, and no error is committed where no injury results.

EVIDENCE.—*Hearsay.*—Hearsay statements are not admissible in evidence, even in mitigation of damages.

SAME.—The statement of a sick person as to the nature and symptoms of the affliction under which he is suffering is always original evidence.

SAME.—*Harmless Error.*—The admission of a harmless statement does not constitute an available error.

From the Noble Circuit Court.

*A. A. Chapin* and *R. P. Barr,* for appellant.

*L. W. Welker* and *H. G. Zimmerman,* for appellee.

BEST, C.—This was an action of slander brought by the appellee against the appellant.

The complaint consisted of four paragraphs. The first, second and fourth alleged, in substance, that the appellee was then, and had for a long time been, a practicing physician in Noble county, Indiana, and that appellant, at said county, during said time, charged him, in the presence and hearing of others, with being " nothing but a G—d d——d abortionist," thereby imputing to him the offence of causing the miscarriage of women when not necessary to preserve life, to his damage, etc.

The third averred, in substance, that the appellee then was, and had for a long time been, a practicing physician in said county, and the appellant, for the purpose of injuring him, in a certain conversation in said county, had during said time, in the presence and hearing of divers persons, of and concerning the appellee as a physician, spoken the following false, slanderous and defamatory words: " You G—d d——d son of a b——, look at those you professed to cure you killed ; they are in their graves," thereby meaning that the appellee was ignorant and unskilful, and was guilty of malpractice in his profession, to his damage, etc.

A demurrer to each paragraph of the complaint was overruled ; an answer in denial and in justification was filed ; a reply, trial, verdict and judgment for $300. A motion for a new trial was overruled, and these rulings are assigned as errors.

The appellant insists that the language mentioned in the first, second and fourth paragraphs of the complaint, is not actionable *per se*, and, therefore, neither of these paragraphs was sufficient without the proper colloquium, etc.

Our statute makes it an offence, punishable by fine and imprisonment, for any person to prescribe or administer to any pregnant woman, or to any woman whom such person supposes to be pregnant, any substance whatever, or to employ any instrument or other means, with intent to procure a mis-

carriage, unless such miscarriage is necessary to preserve life. Section 1923, R. S. 1881.

Our statute also provides that whoever deposits in any post-office of this State, etc., any instrument or medicine for procuring abortion, or whoever prints or publishes any account or description of any apparatus for procuring abortion or miscarriage, shall be fined, etc. Sections 1997, 1998, R. S. 1881.

It thus appears that the Legislature has employed the words " miscarriage " and " abortion " as synonymous terms, and that the offence of procuring a miscarriage as defined by statute is the crime of abortion. This being true, we think to charge any one with being an " abortionist " is to charge him with the commission of this offence, and therefore the language is actionable *per se.* This charge was calculated, as we think, to induce the hearers to believe that the appellee had committed the crime of abortion, and this was sufficient to render the language actionable *per se.* *Drummond* v. *Leslie,* 5 Blackf. 453; Townshend Slander, section 117, *n.* The demurrer was, therefore, properly sustained.

The third paragraph was clearly sufficient. The language employed in charging the appellee with ignorance and malpractice in his profession was actionable *per se,* and there was, therefore, no error in overruling the demurrer. Townshend Slander, section 103; 3 Sutherland Damages, 657.

The motion for a new trial embraced several reasons. These will be noticed in the order of their discussion. The first is that the court excused a juror who was otherwise competent, because he was a witness in the cause. This was a matter very much in the discretion of the court. Besides, it does not appear that the appellant was injured, and, therefore, this ruling does not constitute an available error if erroneous.

The next reason for a new trial was the refusal of the court to allow the appellant to testify to a statement which he claimed that one Chappel, then deceased, had made to him immediately before the speaking of the words in the com-

plaint mentioned as to certain statements the appellee had made concerning the appellant's want of skill as a physician. The exclusion of this testimony was, as it seems to us, right. The statement was mere hearsay, and was not admissible in mitigation of damages. The fact that the appellant was angry and excited at the time the language was spoken was shown, and was admissible. The court also offered to allow the appellant to prove that the appellee had made the alleged exasperating statement about appellant, but not by hearsay, and this ruling we think was right.

The appellant also offered to prove that the appellee, during the year preceding the speaking of the words, had visited the appellant's patients and had used derogatory language concerning him as a physician; that these facts had come to his knowledge, and had excited him, etc. Proof of these facts was not admissible. To allow it would simply be allowing one tort to be set off against another, and this is never permitted. This testimony was also properly excluded.

During the confinement of one Artemia McCloughton, who was pregnant with a bastard child, the appellee, who was the attending physician, went to the house of Louisa Braden and procured something enclosed in a paper. After he had gone away Louisa Braden, in response to a question, said to one of appellant's witnesses, that the article enclosed was a catheter used to produce abortion, and the appellee was going to use it upon his patient. This statement the appellant offered to prove, but the court excluded it. This was right. The statement was mere hearsay, made by a third party in the appellee's absence, and he was in no manner bound by it.

Some other testimony of the same character was also properly excluded.

The appellant offered some testimony to show that an abortion had been committed upon Artemia McCloughton, and the appellee in rebuttal called her father, who testified that he found her upon a chair, apparently sick; that she then informed him how she was afflicted; that he sent for the ap-

De Pew *v.* Robinson.

pellee, who came, saw his daughter, and afterwards, in answer to an inquiry, said to him that his daughter was about to be delivered of a child; that a child was born, and that it lived forty-eight hours. The statement of the daughter and of the appellee to the father are said to be hearsay, and therefore erroneous. The statement of a sick person as to the nature and symptoms of the affliction under which he is laboring is always original evidence, and, therefore, the daughter's statement was not inadmissible.

The appellee's statement, if not admissible, was certainly harmless, and, therefore, there was no available error in its admission.

The court instructed the jury that if they found for the appellee, they were not confined in their assessment to compensatory damages, and refused to instruct them that only nominal damages could be recovered upon the third paragraph of the complaint. Both of these rulings were correct. When slanderous language is uttered with malice in fact, the recovery is not limited to mere compensatory damages, but exemplary damages may be imposed. Nor was the appellee limited to nominal damages upon the third paragraph of the complaint. The language, as before stated, was actionable *per se,* and in such case it is not necessary to allege special in order to recover more than nominal damages. *Swift* v. *Dickerman*, 31 Conn. 285.

This disposes of all the questions discussed, and as there is, as we think, no error in the record, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby, in all things, affirmed, at the appellant's costs.

Filed April 19, 1884.