## JAMES LAWRENCE JONES v. STATE OF MARYLAND

[No. 22, September Term, 1968.]

182

*Decided October 2, 1968.*

The cause was submitted to MURPHY, C.J., and ANDERSON, MORTON, ORTH, and THOMPSON, JJ.

*Howard J. Goren* for appellant.

*Thomas N. Biddison, Jr., Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Samuel A. Green, Jr., State's Attorney for Baltimore County,* and *Charles E. Foos, Assistant State's Attorney for Baltimore County,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

The appellant was convicted of breaking a storehouse and stealing goods of the value of $5 and upwards at a court trial

in the Circuit Court for Baltimore County and sentenced to imprisonment for a term of 6 years.

On appeal from the judgment six questions are presented on his behalf by his attorney, five of which go to the sufficiency of the evidence to sustain the conviction (discussed herein under three sub-headings) and the other of which concerns the admission of testimony of a witness produced by the State, and four questions are presented *sua sponte*.

The *corpus delicti* of the crime was proved by the testimony of the owner of a sporting goods business and the testimony of Officer William R. Balk of the Baltimore County Police Bureau. The owner testified that the storehouse of the business, located in Baltimore County, had been closed and secured on 26 November 1966, a Saturday. The next day, about 10:30 A.M., he stopped by the premises and observed that a panel in a large overhead door of the storehouse had been removed and that a large glass display case in the storehouse had been forcibly entered. Seventeen pistols of a total value of $1400 had been stolen therefrom. One of the pistols was a Colt official police .38 caliber, serial number 903434, wholesale value $52, fair market value $75 or $78 which the State produced and offered in evidence for identification purposes upon the identification of it by the witness as a pistol stolen from the storehouse. Officer Balk, responding to a call, arrived at the storehouse about 10:33 A.M. He said that the entry to the building was made by drilling a hole in one of the wooden panels of the overhead door and by sawing out the entire panel, about two feet by three feet in size. Tools, including a brace and bit, a two and a half foot pinch bar, a twelve inch pinch bar, a compass saw, hack saw blades, two pry-type instruments—one a rasp type and the other a punch type, were found in the building. The tools were admitted in evidence.

Officer Raymond McGuirk of the Baltimore City Police Department, testified that he was on duty about 9:15 P.M. on 17 December 1966 in the 2400 block of Hollins Ferry Road when he "heard a weapon discharged three times." He went to the 2400 block of Annor Court to investigate and saw the appellant holding a revolver. The appellant threw the revolver on the ground when he saw the officer. The officer arrested

him and recovered the revolver. The revolver was the .38 caliber Colt, serial number 903434 which had been offered in evidence for identification purposes and upon identification by the officer as the weapon he had recovered, was admitted in evidence over objection. No more than 10 seconds elapsed between the time the officer heard the shots and the time he saw the revolver in the hand of the appellant.

The appellant, testifying in his own behalf, at one point said he had possession of the gun, that he was present when it was discharged and that he knew who discharged it but did not know the name of the person although "I know him when I see him." He did not know what happened to the gun after it was fired. "The police come around the corner, and I was the closest one to them, and they snatched me." [1] Later in his testimony he denied that he had the gun, denied throwing it away when the police approached, denied knowing anything about the breaking of the storehouse—"I didn't even know how to get to Towson"—and alleged that it was not McGuirk but another officer who "grabbed" him. He admitted to a prior criminal record—"I know it makes me vulnerable to take the stand because I got a record."

## THE SUFFICIENCY OF THE EVIDENCE

1) The appellant contends that his arrest was illegal, therefore the seizure of the gun was unreasonable and as it was unlawfully seized it was inadmissible in evidence; if the gun was not in evidence against him, the evidence was not sufficient to sustain the conviction. But the legality of the arrest was not material for when evidence is not obtained as a result of an unlawful search or seizure, it is not rendered inadmissible by an illegal arrest. *Fisher v. State,* 1 Md. App. 505. The evidence was clear that the gun was not obtained by a search of the appellant nor was it seized from him. The arresting officer testi-

---

1. Officer McGuirk testified that the appellant was subsequently charged in Baltimore City. The appellant testified that he had been "in jail for this gun before" on a sentence imposed by a magistrate —"3 months in jail and a hundred dollars fine." The record does not disclose the offense of which the appellant was convicted with regard thereto.

fied that the appellant discarded the gun before the arrest. One who abandons or discards property cannot complain with effect of the later seizure of such property by the police, or of its use against him in court. *Davis v. State,* 2 Md. App. 630, 632. The appellant does not contend that it was seized from his actual or constructive possession, denying that he ever had possession.[2]

2) The appellant's possession of the recently stolen gun was enough to give rise not only to the inference of fact that the possessor was the thief but would also support an inference that as the possessor he was the one who broke into the storehouse as well as the thief. *Boggs v. State,* 228 Md. 168, 172; *Bury v. State,* 2 Md. App. 674. The testimony of Officer McGuirk that the gun was in the hand of the appellant was sufficient to show exclusive possession by the appellant. The trial court could properly consider the possession about 3 weeks after it was stolen to have been "recent." The Court of Appeals and this Court have declined to set a yardstick to measure "recent" but have ruled that what is "recent" depends upon the circumstances in each case. *Butz v. State,* 221 Md. 68, 77; *Musgrove v. State,* 1 Md. App. 540, 544. So in *Cason v. State,* 230 Md. 356, stolen property found in possession of the defendant over 4 months after its theft was deemed "recent"; in *Anglin v. State,* 1 Md. App. 85, over 6 months; in *Gamble v. State,* 2 Md. App. 271 about 6 months. The appellant claims that the possession was not "unexplained" but his "explanation" was that the gun was not in his possession, in direct contradiction

---

**2.** Thus we need not decide the legality of the arrest. But a peace officer may make a valid arrest without a warrant where he has probable cause to believe that a misdemeanor has been committed in his presence or view and that the arrestee is the misdemeanant. *Robinson v. State,* 4 Md. App. 515, 522. "Presence" is a word of art, denoting that the commission of a misdemeanor is perceptible to the officer's senses, whether they be visual, auditory or olfactory. *Salmon v. State,* 2 Md. App. 513, 522. Article 19, § 96 of the Baltimore City Code proscribes the misdemeanor of firing or discharge of any gun, pistol or firearm within Baltimore City, and Md. Code (1967 Repl. Vol.) Art. 27, § 36(a) makes it a misdemeanor to carry a deadly weapon openly with intent to injure any person in an unlawful manner.

to the testimony of the officer. The credibility of witnesses is a matter for the trier of facts, *David v. State,* 1 Md. App. 666, who was not obliged to believe the denial of the appellant, *Tillery v. State,* 3 Md. App. 142.

3) The identity of the appellant as the criminal agent having been fixed by his guilty possession of the gun, the trial court could properly infer that he broke the storehouse and stole the gun. The inference did not change because nothing more was shown. There was no credible evidence offered that the theft was committed by someone else so that the appellant would become a receiver of stolen goods. See *Jordan v. State,* 219 Md. 36.

Nor was it essential to the verdict that the trial court specifically find that the appellant stole all the goods taken. He was convicted of breaking the storehouse and stealing goods of the value of $5 and upwards. The fair market value of the stolen gun found in his possession was shown to be $75 or $78, proving the offense charged.

The test of the sufficiency of the evidence in a case tried before the court without a jury is whether the evidence, if believed, either shows directly or supports a rational inference of the facts to be proved, from which the court could fairly be convinced, beyond a reasonable doubt, of the defendant's guilt of the offense charged. *Sadler v. State,* 1 Md. App. 383. As the evidence here met this test the finding of the trial court thereon was not clearly erroneous. Md. Rules, 1086.

## THE CHALLENGED TESTIMONY

Prior to trial, the appellant moved for discovery under Md. Rule, 728, which motion included a request, pursuant to paragraph a3 of the rule, that the State furnish a list of the names and addresses of the witnesses whom it intended to call to prove its case in chief. No order appears to have been passed by the court on the motion. The State answered, giving the names and addresses of such witnesses, but the list did not contain the name of Officer Raymond McGuirk of the Baltimore City Police Department. The motion had been prepared by the attorney then representing the appellant and whose appearance had thereafter been stricken. When the case came on for trial the

attorney then representing the appellant adopted the motion "as if I had filed it." The Court said, "So you are aware of both the motion that was filed by other counsel and the response of the State and you're satisfied with that state of the record?" Defense counsel replied in the affirmative and in answer to a question by the Assistant State's Attorney as to whether he challenged anything "to the answers to the motion for discovery," said, "Not as to what's in the motion, no." During its case in chief the State called Officer McGuirk and defense counsel objected to his testifying because his name was not listed in the answer to the motion. Colloquy between counsel and the court showed that McGuirk's name had been disclosed to defense counsel by the State the day before trial by a message to his secretary, telling her "briefly what Officer McGuirk would testify to." Defense counsel had no opportunity to discuss the matter with the prosecutor until the morning of the trial. The prosecutor told the court that McGuirk's name had not appeared in the report of the Baltimore County Police and in preparing the case he realized that the officer would be required and had immediately telephoned the office of defense counsel and unable to reach him left the message with his secretary. Defense counsel conceded that he knew prior to trial that the State intended to call McGuirk and that he knew the contents of McGuirk's testimony "as indicated by the State." Defense counsel said that he was not asking the court for a continuance but urged that by the State's failure to list McGuirk as a witness in the answer to the motion, it was forever barred from using him in the case and that he saw no obligation to bring the matter to the attention of the court before the State actually called the witness. Court was recessed to afford the appellant and his counsel an opportunity to "make a judgment whether and, if so, how, prejudice has resulted because of the time lapse between the date when the witness's name was failed to be included in the State's answer to discovery procedures and yesterday's date when the disclosure occurred." The court offered a reasonable time for the making of such judgment by the appellant and if the judgment was that the appellant was prejudiced a further reasonable time "for the purpose of making such investigative procedures, if any are

desired, looking toward the elimination of the damaging effect of the proposed witness." After consultation with the appellant, his counsel requested the case be postponed until the following Monday and the request was granted (the request was made on Wednesday, 27 September 1967 at 2:48 P.M.). Court reconvened on 2 October at 10:00 A.M., at which time the trial was continued. The State called McGuirk and he testified over "the same objection we made last week." The record does not disclose any evidence offered or proffered by the appellant with regard to prejudice to him. In his brief on appeal the appellant cites no authority in support of his contention that the lower court erred in permitting the challenged witness to testify. Md. Rule 728 provides no sanction for the failure to include a name in the list of witnesses furnished by the State nor is there a statute providing one.[3] "The main objectives of Rule 728 are to assist the defendant in preparing his defense, and to protect him from surprise." *Mayson v. State,* 238 Md. 283, 287. In the circumstances here we see no violation of these main objectives. The appellant concedes that he was not surprised at the trial by the calling of McGuirk. Nor was he prejudiced in his defense by the failure to include the name in the answer to the motion. It was thereafter furnished him before trial, he made no motion for a postponement of the trial, a continuance of the trial was granted him and we think it apparent from the disposition of the court as shown by the record that a further continuance would have been granted to prepare his defense upon proper representation by him. The appellant does

---

3. McGuirk's name was not endorsed on the indictment as a witness.

Md. Rule 717 provides that when an indictment is filed, the names of the witnesses on whose evidence it was based shall be endorsed thereon. The record does not disclose whether McGuirk testified before the Grand Jury which returned the indictment against the appellant. However, the point was not raised and in any event Rule 717 further provides that the failure to so endorse the names shall not affect the validity or sufficiency of the indictment, or the admissibility of other evidence, but the court on motion by the defendant, shall direct the names to be so endorsed, or otherwise furnished to the defendant, and may grant such continuance or postponement of the case as justice may require.

not spell out or suggest actual prejudice and we see none. See *Cropper v. State,* 233 Md. 384; *Delcher v. State,* 161 Md. 475. Justice is not the private preserve of the criminal defendant; it also serves the public. The *raison d'être* of criminal justice is the determination by legal means of the guilt or innocence of one who, cloaked with the presumption of innocence, stands accused of an offense against the state as the representative of the public. In the circumstances here its ends would be subverted if we were to preclude this determination by construing Rule 728 as urged by the appellant. We find no error in the overruling by the trial court of the objection to receiving the testimony of the challenged witness.

## THE CONTENTIONS RAISED SUA SPONTE

The contentions raised *sua sponte* are without merit. The first with regard to Officer McGuirk being permitted to testify has been resolved herein. The second concerns the weight of the evidence, which is a matter for the trier of facts. *Dunlap v. State,* 1 Md. App. 444. The appellant's third contention is that his conviction was improper because "the officer who brought charges against him and on whose sworn testimony he was held for the Grand Jury was not present at his trial." The point was not raised and decided below and is not properly before us. Md. Rules, 1085. In any event, the record does not disclose this allegation to be factually correct, but assuming that it is, we know of no requirement that witnesses before a grand jury be present at the trial of a defendant or that they testify at the trial. Had the appellant desired the testimony of the officer to whom he refers, he was entirely free to call him. The appellant lastly contends that he was given a 6 year sentence "on and because of a written report of a so-called polygraph expert after taking (submitting to) a lie detector test that consisted of 10 questions which is not basis enough to determine truthfulness or no." This apparently refers to a matter which occurred in the penalty stage and not the guilt stage of the proceedings. The verdict was rendered on 2 October 1967 and the imposition of sentence was deferred pending a probation report. Sentence was imposed on 4 December. At that time defense counsel noted for the record that after the verdict was

rendered the court "gave the defendant an opportunity to take a polygraph test, which he voluntarily consented to do." Defense counsel knew the results of the test and had seen a presentence probation report and said, "I don't think I can add anything to the report or to the results of the polygraph test." Given an opportunity to speak before sentence was imposed, the appellant merely asserted that he did not break in the place. The sentence was within the maximum authorized by Md. Code, (1967 Repl. Vol.) Art. 27, § 33. We see nothing in the record that leads us to believe that the sentence imposed was other than a just one based on proper considerations. *Gee v. State,* 2 Md. App. 61; *Miller v. State,* 1 Md. App. 653. Compare *Baker v. State,* 3 Md. App. 251.

*Judgment affirmed.*