## CURTIS KING *v.* STATE OF MARYLAND

[No. 300, September Term, 1968.]

414

*Decided March 25, 1969.*

*Russell J. White* for appellant.

*Henry J. Frankel, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Charles E. Moylan, Jr., State's Attorney for Baltimore City,* and *Joseph R. Raymond, Assistant State's Attorney for Baltimore City,* on the brief, for appellee.

ORTH, J., delivered the opinion of the Court.

This is an appeal from an order of the Criminal Court of Baltimore denying the appellant's motion to dismiss three indictments, nos. 6100, 6101 and 6102 (1967), charging him with offenses against the person and property of Mrs. Verda Welcome. See *Allen v. State,* 1 Md. App. 249. The grounds for the

motion were that the State was precluded from prosecuting him by an order of the Circuit Court for Anne Arundel County of 8 February 1968, that he was denied a speedy trial and that he was denied due process of law.

The only witness at the hearing on the motion was an Assistant State's Attorney for Baltimore City called by the appellant. From his testimony, which was not disputed, it appeared that the appellant had been convicted of the offenses charged in the challenged indictments in the Circuit Court for Anne Arundel County in April 1964 under indictments nos. 8144 and 8145 and sentenced to 25 years. Under the decision in *Schowgurow v. State,* 240 Md. 121, the convictions were set aside by order dated 4 March 1966 of the Circuit Court for Anne Arundel County and, as was customary in such orders, the State was given a reasonable time to refer the charges to a properly constituted grand jury. The indictments here challenged were returned on 19 December 1967 by the grand jury for the City of Baltimore. The witness did not explain the delay in re-indicting the appellant. On 8 February 1968 the appellant applied for a writ of *habeas corpus* to the Circuit Court for Anne Arundel County and, after a hearing, that court passed an order releasing and discharging the appellant from custody of the Maryland House of Correction because there was "no authority or commitments" to hold him in the Maryland House of Correction "to the knowledge of the court." However, on 11 June 1964 the appellant had been found guilty in the Criminal Court of Baltimore of arson and sentenced to 5 years. The judgment was affirmed on appeal. *King v. State,* 238 Md. 622. The appellant was committed to the Maryland Penitentiary to serve a term of 5 years from 8 May 1964. This was not brought to the attention of the court hearing the *habeas corpus* matter and "The Maryland House of Correction apparently had no record of this commitment at the time of the hearing on 8 February 1968."

On this evidence we think it obvious that the order of 8 February 1968 of the Circuit Court for Anne Arundel County provided no basis for the dismissal of the indictments returned against the appellant on 19 December 1967.

We have held that as a general rule it is only after prosecu-

tion has been initiated that the issue of a speedy trial can be raised by an accused; until the grand jury acts there is no case to be tried. *Stevenson v. State,* 4 Md. App. 1, 11. The time between the presentment of the appellant on the charges here and the motion to dismiss the indictments, which is the subject of this appeal, was less than two and a half months. The appearance of counsel for the appellant was not entered until the day the motion to dismiss was filed. The interval between the presentment and the motion to dismiss is not a delay of constitutional proportions, nor did the appellant make demand for trial. As the appellant appealed from the denial of the motion, that he has not been tried as yet on the challenged indictments is in no event chargeable to the State. See *Montgomery v. State,* 4 Md. App. 473. We hold that the appellant has not been denied a speedy trial.

As to the delay in indictment, there is no time limit, other than that fixed by the statute of limitations, upon action by the grand jury. *O'Connor v. State,* 234 Md. 459, 462, cited in *Price v. State,* 235 Md. 295, 300. But we have said that a defendant does not stand defenseless against unreasonable, oppressive and capricious delay on the part of the State in obtaining an indictment. In appropriate circumstances a defendant has means to obtain an early trial, if he desires to invoke them, under Md. Rule 709 and Md. Code, Art. 27, § 616A-S (Interstate and Intrastate Detainers). *Montgomery v. State, supra,* 480. And we noted in *Montgomery,* at 480, that such delay in indictment may constitute a denial of due process of law. On the record before us we cannot justify the delay by the State in obtaining the new indictments more promptly but we are not unaware that the State was caught in a wake of administrative and procedural problems stirred up by the *Schowgurow* decision and that these problems were particularly acute in Baltimore City. The Court of Appeals said in *State v. Madison,* 240 Md. 265, 274-275, referring to *Schowgurow,* "[W]e recognize that there will be some interference, for the time being, with the expeditious disposition of pending criminal cases." However, even recognizing that one of the unavoidable consequences of *Schowgurow* was some interference with expeditious disposition of pending criminal cases, we cannot say that the entire period of

a little less than two years in obtaining the new indictments here can be attributed to the *Schowgurow* decision, especially in the absence of explanation by the State. On the other hand, neither can we say, in the circumstances, and in the light of the fact that there is no time limit, other than that fixed by the statute of limitations, upon action by the grand jury, that the delay was *per se* a constitutional denial. Not every constitutional violation results in presumptive prejudice to an accused. For example, the right to a speedy trial may be waived by the failure to demand it, *State v. Long and Nelson,* 1 Md. App. 326, and where a demand has not been made the accused must show actual prejudice caused by the undue delaying tactics of the State, *Fabian v. State,* 3 Md. App. 270. And when he has demanded it and the delay is less than substantial,[1] even if it is purposeful, oppressive or negligent, at least some showing by him of "a strong possibility of prejudice is required." *Stevenson v. State, supra.* The constitutional guarantee that no State shall deprive any person of life, liberty, or property, without due process of law, Amendment XIV, Constitution of the United States, encompasses many matters. Where the law of the land has been made clear, as the right to be indicted and tried by constitutionally selected juries and the right to the assistance of counsel is clear, an accused, to be entitled to due process, does not have to show that he would be injured if due process is lacking.[2] He has these rights, not because of any individual prejudice to him but because, under the basic law of our land, all persons have the right to be tried in accordance with the requirements of our legal system. *State v. Madison, supra,* 273-274; *Raymond v. State,* 192 Md. 602, 614. Unlike the clear right to be indicted and tried by constitutionally selected juries

---

1. There is no precise rule as to when a delay is not "substantial." See *Petition of Provoo,* 17 F.R.D. 183 (D.C. Md.), affirmed per curiam, 350 U. S. 857 (10 years); *United States v. McWilliams,* 82 U. S. App. D. C. 259, 163 F. 2d 695 (4½ years); *Williams v. United States,* 102 U. S. App. D. C. 51, 250 F. 2d 19 (7 years); *Pitts v. North Carolina,* 395 F. 2d 182 (4th cir.) (16 years); *Hanrahan v. United States,* 348 F. 2d 363 (D.C. cir.) (4 years).

2. In civil cases there is no presumption of prejudice because of an unconstitutionally selected jury. Prejudice must be proved to violate due process of law. *Schiller v. Lefkowitz,* 242 Md. 461, 476.

and the right to effective assistance of counsel, delay in indictment is a relative matter when not barred by limitations. Whether such delay violates due process of law depends on the attendant circumstances of each case. Just as the length of the delay, the reason for the delay, prejudice and waiver are considered in determining whether there has been a denial of a speedy trial, we think that these factors are properly to be considered in determining whether delay in indictment violates due process of law. In the instant case the appellant did not show below that he was actually prejudiced by the delay nor did he show a strong possibility of prejudice; he produced no evidence as to prejudice and alleges no prejudice on appeal. In the circumstances we do not think that the delay in indictment was so substantial as to establish prejudice *prima facie* and in the absence of a showing by the appellant even of a strong possibility of prejudice we see no error in the denial of the motion to dismiss the indictments.

> *Order of 12 July 1968 of the Criminal Court of Baltimore denying the petition to dismiss indictments nos. 6100, 6101 and 6102 affirmed.*