# ALBERT BRITTON *v*. STATE OF MARYLAND

[No. 516, September Term, 1969.]

*Decided July 21, 1970.*

The cause was argued before MURPHY, C.J., and AN-
DERSON, MORTON, ORTH, and THOMPSON, JJ.

*Jack E. Richards* for appellant.

*T. Joseph Touhey, Assistant Attorney General,* with
whom were *Francis B. Burch, Attorney General, Charles
E. Moylan, Jr., State's Attorney for Baltimore City,* and
*Charles G. Bernstein, Assistant State's Attorney for Bal-
timore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Albert Britton, the appellant, was convicted of robbery
with a dangerous and deadly weapon by a jury in the
Criminal Court of Baltimore, Judge J. Gilbert Prender-
gast presiding; a sentence of twenty years was imposed,
with credit for time served.

In this appeal, Britton alleges the trial court erred in:
(1) failing to provide a speedy trial; (2) failing to re-
lease Britton from custody as required by an order of the
United States District Court; (3) declining to receive the
testimony of a witness at a former trial who was cur-
rently unavailable; (4) failing to exclude certain testi-
mony; (5) denying a motion for mistrial; and (6) vio-
lating his protection against double jeopardy.

On December 31, 1963, a liquor store in Baltimore City
owned by Harry Lipsitz was robbed by at least one man

armed with a gun. Mr. Lipsitz established the crime by describing the entry of the robber into his store, his being held at gunpoint, and the taking of money from his person and the cash register, but Mr. Lipsitz could not identify the robber. The identity of appellant as the criminal agent was established by the testimony of William Eggleston, a helper in the liquor store at the time of the robbery. Alibi testimony, presented by the defense, that appellant was twenty blocks away playing cards at the time of the crime was disbelieved by the trier of facts. Additional facts and procedural developments will be presented, as necessary, with the contentions concerning them.

## I Speedy Trial and Due Process

The development of appellant's case, spanning from the time of the crime in 1963 until the present, includes three trials, the filing of three appeals, a petition for writ of certiorari to the Court of Appeals, and a petition for a writ of habeas corpus in the United States District Court for the District of Maryland.

Britton's first conviction resulted from a nonjury trial in the Criminal Court of Baltimore on June 14, 1965. Due to the pendency of an appeal from that conviction at the time of *Schowgurow v. State,* 240 Md. 121, 213 A. 2d 475, he was granted a new trial. At the second trial on November 7, 1966, he was again convicted of robbery with a dangerous and deadly weapon and sentenced to twenty years imprisonment; that conviction was affirmed by this Court in *Britton v. State,* 2 Md. App. 285, 234 A. 2d 274. A writ of certiorari to the Court of Appeals of Maryland from the decision of this Court was denied February 15, 1968. On April 25, 1969, the United States District Court for the District of Maryland granted a petition for a writ of habeas corpus, *Britton v. Maryland,* 298 F. Supp. 641, based in large part on *Barber v. Page,* 390 U. S. 719, 88 S. Ct. 1318, 20 L.Ed.2d 255 which was decided subsequent to our decision in *Britton v. State, supra,* and ordered Britton's release unless he was retried before August 24, 1969. This order was subsequently extended and

on September 10, 1969, after a hearing in open court, the District Court found that the State was complying with its order.

In *Allen v. State,* 1 Md. App. 249, 229 A. 2d 446, this Court held that when a trial is delayed as a result of reversals obtained by an accused's efforts, there is no lack of a speedy trial. Hence, in this case we are concerned only with the time between the granting of the federal writ of habeas corpus procured by appellant on April 25, 1969, and the beginning of trial on September 3, 1969, a period of approximately 131 days. Even assuming appellant had demanded a speedy trial the same day the writ of habeas corpus was granted, and none of the delay was chargeable to him, the time involved is clearly not substantial; therefore, appellant must show a strong possibility of prejudice, which he has failed to do. See *King v. State,* 6 Md. App. 413, 251 A. 2d 628 and *Hall v. State,* 3 Md. App. 680, 240 A. 2d 630 for a more complete discussion of the questions.

## II  Failure to Comply with Order of United States District Court

Since the United States District Court has found its own order was not violated, it would seem inappropriate for this Court to review the question.

## III  Admission of Testimony from a Prior Trial

Appellant contends the trial judge erred in denying a motion for mistrial based on the refusal to admit the transcript of testimony of another alibi witness who had testified at an earlier trial but was unavailable at this trial. A review of the record shows that although there was discussion about the admission of this testimony, its admission was not properly requested at trial and hence is not now properly before us on appeal. Maryland Rule 1085.

## IV  Exclusion of Identification

Appellant next contends that the identification of appellant by the witness Eggleston should be excluded. On

the first day of trial while Eggleston was sequestered in the hallway with the other witnesses, he was able to briefly glance inside the courtroom when the door was open for someone to leave the court. In his brief and inadvertent glimpse, Eggleston was able to see the back of the head of an unidentifiable person. The trial court declined to exclude Eggleston's identification, based on the facts of this incident. We see no error. See *Simon v. State,* 7 Md. App. 446, 256 A. 2d 348. The incident was unplanned and inadvertent, and all Eggleston saw was the back of an unidentifiable head. The next day when Eggleston testified, the appellant was dressed differently, and seated in a location of his choice in the spectator's gallery, making any sighting from the previous day meaningless. Eggleston further relied heavily on the features of appellant's face for his identification, including a scar on the left side of appellant's forehead, which obviously would not be observable from behind. Eggleston, after lengthy cross-examination by defense counsel about the glimpse through the briefly open doorway, established rather clearly his identification depended on his viewing the appellant at the time of the crime, and at one other time six months before the crime.

### V Denial of Mistrial After A Reference to Prior Proceedings

Appellant next contends the trial court erred in not granting a mistrial after the Assistant State's Attorney asked the defense witness, "Did you recall testifying on a prior proceeding?" We are unable to say that this remark was so prejudicial to the appellant as to require the granting of the motion for mistrial. The grant or denial of such a motion rests within the discretion of the trial court, which has not abused its discretion here. *Chandler v. State,* 7 Md. App. 646, 256 A. 2d 695. In addition, we do not see how the State can otherwise comply with the rule of evidence requiring a witness be told the time, place and to whom a prior inconsistent statement was made. See *Sanders v. State,* 1 Md. App. 630, 232 A. 2d 555.

## VI Double Jeopardy

Lastly, appellant contends that his right as to double jeopardy was violated, citing *Hoffman v. State,* 20 Md. 425, to the effect an earlier conviction prevented him from being retried on the same charge. This Court has previously answered this contention in *Boone v. State,* 3 Md. App. 11, 237 A. 2d 787 wherein we said at 3 Md. App. at 27:

> "Although the rule against double jeopardy also forbids a second trial for the same offense when the accused was convicted, *Gilpin v. State,* 142 Md. 464, this does not preclude a retrial granted on remand upon reversal of the judgment on appeal. . . Whether the rationale be that there is no conviction outstanding when judgment is reversed or that a waiver is accomplished by the affirmative action of the defendant when he procures a judgment against him to be reversed or set aside on appeal, the Court of Appeals and this Court have consistently permitted the accused to be again tried upon a reversal."

*Benton v. Maryland,* 395 U. S. 784, 89 S. Ct. 2056, 23 L.Ed.2d 707 is not applicable because that case concerned a retrial after a prior acquittal, not a retrial after a prior conviction which had been set aside.

*Judgment affirmed.*