DEXTER JOHNSON *v.* STATE OF MARYLAND

[No. 728, September Term, 1972.]

*Decided August 10, 1973.*

The cause was argued before THOMPSON, GILBERT and DAVIDSON, JJ.

*I. Elliott Goldberg* for appellant.

*Harry A. E. Taylor, Assistant Attorney General,* with whom were *Francis B. Burch, Attorney General, Milton B. Allen, State's Attorney for Baltimore City, Michael Libowitz* and *Richard Karceski, Assistant State's Attorneys for Baltimore City,* on the brief, for appellee.

THOMPSON, J., delivered the opinion of the Court.

Dexter Johnson was convicted of manslaughter by a jury in the Criminal Court of Baltimore, Judge Marshall A. Levin presiding, and received a ten year sentence. The nature of the questions raised on appeal makes a statement of facts unnecessary.

## I Excusing a Qualified Juror

One of the jurors was excused by the court *sua sponte* when she admitted, in answer to a *voir dire* question, that

she was acquainted with the defendant's mother. Johnson contends that because the trial court failed to make inquiry as to whether the relationship was such as to preclude the juror from rendering a fair and impartial verdict, he was denied a fair and impartial jury. He cites *Mills v. State,* 12 Md. App. 449, 459, 279 A. 2d 473, to support the proposition that mere acquaintanceship between a juror and a prospective witness is not sufficient grounds for disqualification. He does not cite any authority to support his ultimate proposition that the court's *sua sponte* release of a juror for this reason is reversible error.

Although the precise point does not seem to have been presented to the Maryland courts, the Court of Appeals has promulgated a rule by way of dictum in *Bluthenthal & Bickart v. May Company,* 127 Md. 277, 285, 96 A. 434, in the following language:

> "The authorities support the proposition that it is not reversible error for the Court of its own motion to exclude a juror, even for insufficient cause, if an unobjectionable jury is afterwards obtained. In *Pittsburgh, etc., Ry. Co. v. Montgomery,* 152 Ind. 1, in discussing an objection such as that now under consideration, the Court said: 'It is complained under the motion for a new trial that the Circuit Court erred in excusing on its own motion the juror Overholser, who it is alleged was a competent juror, over appellant's objection. But it is not shown that the jury which was finally impaneled was not a fair and impartial jury. In such a case, the matter is very much in the discretion of the trial Court, and no error is committed where no injury results from the Court's action in excusing the juror: *De Pew v. Robinson,* 95 Ind. 109. It is not even claimed that any injury resulted therefrom.' "

Then again in *Grossfeld v. Braverman,* 203 Md. 498, 101 A. 2d 824, the Court reiterated its earlier rule. The rule seems so well established that an extended discussion of the cases is not warranted. See 50 C.J.S., *Juries,* § 249, 47 Am. Jur.,

*Jury*, § 222. In the latter publication it is stated that there is some authority that excusing a juror without sufficient cause is reversible error in a criminal case. However, *People v. McQuade*, 110 N. Y. 284, 18 N. E. 156 is the only criminal case cited in support of the statement. It seems to us that case turns solely on the language of a New York statute. The Maryland statute quoted in the footnote is not as specific and subsection (ii) allows the court to excuse a juror on the ground that the person may be unable to render impartial jury service.[1] We note that under subsection (ii) the judge is not required to give a specific reason for excusing a juror. We cannot say that the trial judge abused his discretion by excusing a single juror because of her acquaintance with a prospective witness.

## II Motions for Mistrial

During the trial appellant twice moved for a mistrial. He contends on appeal that the trial court twice committed reversible error by denying his motions. In our discussion of the motions it is well to bear in mind that the ruling on a motion for mistrial is an exercise of the discretion of the trial judge and there will be no reversal unless a clear abuse

---

1. Md. Code, Art. 51, § 9(a): *"Grounds for excuse or exclusion.* — Except as provided in § 6 of this article, no person or class of persons shall be disqualified, excluded, excused, or exempt from service as jurors; but any person summoned for jury service may be (i) excused by the court, upon a showing of undue hardship, extreme inconvenience, or public necessity, for such period as the court deems necessary, at the conclusion of which such person shall be summoned again for jury service under the provisions of § 7 of this article, or (ii) excluded by the court on the ground that such person may be unable to render impartial jury service or that his service as a juror would be likely to disrupt the proceedings, or (iii) excluded upon peremptory challenge as provided by law, or (iv) excluded pursuant to the procedure specified by law upon a challenge by any party for good cause shown, or (v) excused in accordance with rule or law by the court as being in excess of the number of jurors, required to be impaneled in a particular case, or (vi) excluded upon determination by the court that his service as a juror would be likely to threaten the secrecy of the proceedings, or otherwise adversely affect the integrity of the jury deliberations. No person shall be excluded under clause (vi) of this subsection unless the judge states, on the record, his reasons for the exclusion and his determination that such exclusion is warranted and will not be inconsistent with §§ 1 and 2 of this article. Any person excluded from a particular jury under clause (ii), (iii), (iv) or (v) of this subsection shall be eligible to sit on another jury if the basis for his initial exclusion would not be relevant to his ability to serve on such other jury."

of that discretion is shown. We must give consideration to the fact that the lower court in the trial setting is in a much better position to assess the prejudicial effect, if any, of the occurrence prompting the motion. Among the many cases supporting this proposition see *Peterson v. State*, 15 Md. App. 478, 292 A. 2d 714, *Mills v. State*, 12 Md. App. 449, 279 A. 2d 473 and *Britton v. State*, 10 Md. App. 70, 267 A. 2d 747. Additionally, the cases point out that such a motion should not be granted for light and transitory reasons which do not result in any real prejudice to the accused.

Approximately two weeks before the trial, the State filed an amended answer to interrogatories of the appellant listing as an additional prosecuting witness, the name of Roderick Laramee Jones and gave his address as "2520 West Lafayette Avenue." About a week prior to the filing of the amended answer the witness was incarcerated in the Anne Arundel Detention Center and was not available at the address listed by the State. The record shows that the appellant's counsel made little if any effort prior to trial to contact the witness but when the witness was called for trial, the court was informed of the error in the State's answer to the interrogatories and defense counsel requested five minutes in which to interview the witness. Over objection of the State, the court granted the interview and permitted it to be conducted in his chambers with the State's Attorney present. Neither appellant nor his counsel raised objection to the presence of the State's Attorney at the interview. After the interview had proceeded for 10 or 15 minutes the trial judge reentered his chambers and was informed that counsel were at loggerheads as to whether defense counsel could ask the prospective witness questions as to prior criminal convictions and other matters that could properly come out on cross-examination. The court stated that he felt that the interview should be concluded without asking such questions but did develop through counsel that the witness had one prior conviction for larceny. At this point defense counsel made a motion for a mistrial alleging that his interview was unduly circumscribed by the presence of the State's Attorney and his not being permitted to ask

cross-examination questions. While we are at a loss to understand why the court permitted the State's Attorney to be present or the interview to be so limited (See 14 A.L.R.3d 652), we do not think that the appellant was entitled to a mistrial as a result thereof. Indeed we would have affirmed the ruling under the circumstances if the trial judge had precluded any interview since it is apparent that counsel had made little, if any, effort to contact the witness in the two weeks prior to trial. As we pointed out in *Jones v. State*, 5 Md. App. 180, 245 A. 2d 897, Md. Rule 728 has no sanctions and its enforcement is in the sound discretion of the trial judge. This motion for a mistrial was properly denied.

While Jones was testifying the State brought out that he had been arrested as an accessory to the crime involved in the present proceedings and the following occurred:

"Q. Now, I have discussed with you the question of immunity, is that correct?

A. Yes, sir.

Q. And I told you that for honest and truthful testimony the State will not prosecute you for any involvement you might have had in this crime, is that correct?

A. Yes, sir.

Mr. Goldberg: Objection. May we approach the bench with the Reporter?"

At the bench conference defense counsel made his second motion for a mistrial. While we think the question as presented by the State was improper, we note that the objection did not come until after the answer had been given. There was no motion to strike out the question and answer but only a motion for mistrial. Under the rules concerning the granting or the denying of a mistrial discussed above, we cannot say the trial judge abused his discretion in denying the motion.

## III  Granting Motions to Acquit
## on Certain Charges

The indictment in the instant case charged murder, assault with intent to murder and assault on the same victim. The trial judge denied the motion to acquit as to murder but granted the motion as to the assault with intent to murder and to the assault. He specifically inquired of counsel as to whether or not that action was agreeable whereupon both counsel responded in the affirmative. On appeal, appellant argues the granting of the motions to acquit as to assault with intent to murder and assault barred a conviction of the greater offense of murder under the doctrine of merger. We have held the doctrine of merger has no application at a single trial on multiple charges except to preclude multiple convictions on merged offenses. *Holtz v. State*, 1 Md. App. 358, 230 A. 2d 117, *Gee v. State*, 2 Md. App. 61, 233 A. 2d 336. The Court of Appeals in a more extended discussion of the subject in *Johnson v. State*, 238 Md. 528, 209 A. 2d 765 indicated the possibility the actions of the trial judge in such a situation could be disturbing if there was any indication the granting of the motion to acquit was based upon the finding of insufficient evidence to support the lesser included crimes. Although in the instant case the trial judge gave no reason as to why he took the action he did, his comments during the argument on the motions, particularly as to acquittal of murder in the first degree, show quite clearly that he did not grant the motions because of insufficient  evidence to support the charges, but rather, to make a more tidy case to present to the jury. Appellant's attempt to bring this case within the dictates of *Johnson* that a verdict could not stand where the trial judge's action left the appellate court without confidence in the verdict has no support in this record.

*Judgment affirmed.*